**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | No. 26-01430 |
| Primrose Candy Co., | ) | Chapter 11 |
| | ) | Hon. Jacqueline P. Cox |
| *Debtor/Debtor-in-Possession.* | ) | |
| | ) | |

## NOTICE OF MOTION

TO: ATTACHED SERVICE LIST:

PLEASE TAKE NOTICE that on the 3rd day of February, 2026 at 1:00 p.m. or as soon thereafter as counsel can be heard, I shall appear before the Honorable Jacqueline P. Cox, Bankruptcy Judge, or before any other Judge who may be sitting in her place, either in courtroom 680 of the Everett McKinley Dirksen United States Courthouse, 219 S. Dearborn Street, Chicago, IL 60604 **or** electronically as described below, and present the **Motion For Authority to Obtain Post-Petition Secured Financing, To Use Cash Collateral and For Related Relief,** a copy of which is attached hereto and herewith served upon you.

**Important: Only parties and their counsel may appear for presentment of the motion electronically using Zoom for Government. All others must appear in person.**

**To appear by video**, use this link: https://www.zoomgov.com/. Then enter the meeting ID. The meeting ID for this hearing is 161 273 2896. Meeting password 778135.

**To appear by telephone**, call Zoom for Government at (669) 254-5252 or (646) 828-7666. Then enter the meeting ID. The meeting ID for this hearing is 1612732896 Meeting password 778135.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date.

*/s/David K. Welch*

**DEBTOR'S COUNSEL**:
David K. Welch, Esq. (Atty. No. 06183621)
dwelch@burkelaw.com
Brian P. Welch, Esq. (Atty. No. 6307292)
bwelch@burkelaw.com
Burke, Warren, MacKay & Serritella, P.C.
330 N. Wabash Ave., Suite 2100, Chicago, Illinois 60611
Tel: (312) 840-7000 - - Fax: (312) 840-7900

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | No. 26-01430 |
| Primrose Candy Co., | ) | Chapter 11 |
| | ) | Hon. Jacqueline P. Cox |
| *Debtor/Debtor-in-Possession.* | ) | |
| | ) | |

## CERTIFICATE OF SERVICE

The undersigned, being first duly sworn on oath deposes and states that he caused a copy of the foregoing **Notice of Motion** and attached **Motion For Authority to Obtain Post-Petition Secured Financing, To Use Cash Collateral and For Related Relief** to be served on all the parties listed on the attached service list via the Court's Electronic Filing System (ECF), to all entitled to receive such notice, via electronic mail (where indicated) and regular U.S. Mail, properly addressed, postage pre-paid, on this 27th day of January 2026.

*/s/David K. Welch*

**DEBTOR'S COUNSEL**:
David K. Welch, Esq. (Atty. No. 06183621)
dwelch@burkelaw.com
Brian P. Welch, Esq. (Atty. No. 6307292)
bwelch@burkelaw.com
Burke, Warren, MacKay & Serritella, P.C.
330 N. Wabash Ave., Suite 2100, Chicago, Illinois 60611
Tel: (312) 840-7000 - - Fax: (312) 840-7900

**SERVICE LIST**

United States Trustee Office
219 S. Dearborn St., Room 873
Chicago, IL 60604
***Via ECF***

Thomas Coughlin, Esq.
tcoughlin@taftlaw.com
Kimberly Ross Clayson, Esq.
kclayson@taftlaw.com
Taft Stettinius & Hollister LLP
27777 Franklin Rd., Suite 2500
Southfield, MI 48034
***Via E-mail***

Sam Harrod
Meltzer Purtill & Stelle LLC
125 S. Wacker Dr., Suite 2900
Chicago, IL 60606
***Via U.S. Mail***

American Ingredients
210 Mittel Drive
Wood Dale, IL 60191
***Via U.S. Mail***

Archer Daniels Midland
PO Box 92572
Chicago, IL 60675-2575
***Via U.S. Mail***

B.L.V. Marketing
2511 N. 124th St., Suite 102
Brookfield, WI 53005
***Via U.S. Mail***

BMO Harris Bank, N.A.
c/o Anthony J. Gattuso SVP Director
9550 W. Higgins Rd., #975
Rosemont, IL 60018
***Via U.S. Mail***

City of Chicago
Dept. Of Finance-Water Div.
PO Box 6330
Chicago, IL 60680-6330
***Via U.S. Mail***

Commonwealth Edison
440 S. LaSalle St., Suite 3300
Chicago, IL 60605
***Via U.S. Mail***

Del Principe & Allie
625 South College Ave.
Rensselaer, IN 47978
***Via U.S. Mail***

Dynegy Energy Services
27679 Network Place
Chicago, IL 60673
***Via U.S. Mail***

Ennes & Associates, Inc.
553 N. North Ct.
Palatine, IL 60067
***Via U.S. Mail***

Fibersol
PO Box 92572
Chicago, IL 60675-2572
***Via U.S. Mail***

Flavorchem
PO Box 735783
Dallas, TX 75373-5783
***Via U.S. Mail***

Great Lakes Milk Products
Dept 10301
PO Box 87618
Chicago, IL 60680
***Via U.S. Mail***

Integrity Food Marketing
487 Dwvon Park Drive
Wayne, PA 19087
***Via U.S. Mail***

JMK
3399 Peachtree Rd. NE
Suite 535
Atlanta, GA 30326
***Via U.S. Mail***

Kathleen (HK) Company Ltd.
Juxingwei Country Dali Zone
Qingxi Town, Dongguan City
Guangdong Province China
***Via U.S. Mail***

Labor Solutions, LLC
729 Pinecrest Drive
Prospect Heights, IL 60070
***Via U.S. Mail***

Morcor Industries Inc.
501 Davis Road
Elgin, IL 60123
***Via U.S. Mail***

Pathward N.A.
5480 Corporate Dr., Suite 350
Troy, MI 48098
***Via U.S. Mail***

Peoples Gas
200 E. Randolph St.
Chicago, IL 60601-6302
***Via U.S. Mail***

Pullman Sugar LLC
700 E. 107 St.
Chicago, IL 60628
***Via U.S. Mail***

Simply Natural Foods, LLC
74 Mall Drive
Commack, NY 11725
***Via U.S. Mail***

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | No. 26-01430 |
| Primrose Candy Co., | ) | Chapter 11 |
| | ) | Hon. Jacqueline P. Cox |
| *Debtor/Debtor-in-Possession.* | ) | |
| | ) | |

**MOTION FOR AUTHORITY TO OBTAIN POST-PETITION**
**SECURED FINANCING, TO USE CASH COLLATERAL**
**AND FOR RELATED RELIEF**

Primrose Candy Co., Debtor/Debtor-in-Possession (the "Debtor") herein, by and through its Attorneys, makes its Motion pursuant to Sections 363 and 364 of the Bankruptcy Code, Rule 4001(b) and 4001(c) of the Federal Rules of Bankruptcy Procedure and Rule 4001-2 of the Local Rules of this Court for Authority to Obtain Post-Petition Secured Financing, to Use Cash Collateral and for Related Relief (the "Motion"); and in support thereof; states as follows:

## INTRODUCTION

1. On January 27, 2026, the Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code thereby commencing this Chapter 11 case (the "Petition Date").

2. The Debtor is operating its business and managing its financial affairs as Debtor in Possession. No trustee or examiner has been appointed to serve in this Chapter 11 case.

3. By this Motion, the Debtor requests that this Court authorize:

A) Post-petition secured financing from the existing Line of Credit from Pathward, National Association ("Pathward") pursuant to the terms and conditions of the pre-petition loan documents with Pathward;

B) Use of cash and cash equivalents that serve as collateral for Pathward in conjunction with the proposed secured financing; and

C) Scheduling interim and final hearings on the relief requested in this Motion.

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. Sections 157 and 1334.

5. This matter constitutes a "core" proceeding within the meaning of 28 U.S.C. Section 157(b)(2)(A),(D), (M) and (O).

6. The statutory predicates for the relief requested in this Motion are Sections 363 and 364 of the Bankruptcy Code, Rules 4001(b) and 4001(c) of the Federal Rules of Bankruptcy Procedure and Rule 4001-2 of the Local Rules of this Court.

## RELEVANT BACKGROUND[1]

7. The Debtor is engaged in the business of manufacturing special candy and related products, inclusive of organic, sugar-free, supplement and OTC items, in addition to traditional confectionary products.

8. The Debtor has been in business since 1928 and primarily operates from the premises at 4111 West Parker Avenue, Chicago, Illinois. The Debtor employs approximately 90 people, many of whom are outside contract labor employees provided to the Debtor pursuant to an Agreement for Temporary Personnel with Labor Solutions, LLC ("Labor Solutions").[2]

9. Labor Solutions is a critical vendor of the Debtor. Prior to the Petition Date, Labor Solutions filed litigation against the Debtor for breach of contract and against the non-Debtor entities to foreclose on its mortgage liens ("LS Litigation"). Despite the pendency of the LS Litigation, Labor Solutions has continued to provide contract employees to the Debtor pursuant to

[1] Attached to this Motion as **Exhibit A** is the Declaration of Jeff Puch, the Debtor's President, which is offered in support of the relief requested in this Motion.

[2] Labor Solutions is a creditor with a claim in the approximate amount of $7,500,000.00 as of the Petition Date. While Labor Solutions has no lien on the Debtor's assets, Labor Solutions is asserting mortgage liens against certain non-Debtor real estate that secures the indebtedness due from the Debtor.

the Agreement for Temporary Personnel. Labor Solutions has further agreed to provide such contract employees to the Debtor during this Chapter 11 case.

10. The Debtor had annual gross revenues of $7,800,000.00 in 2025 and $11,800,000.00 in 2024. Notably in October, 2025, the Debtor engaged Patrick O'Malley and Development Specialists, Inc. ("DSI") as its financial advisor. DSI will continue to serve in this capacity during the course of this Chapter 11 case subject to Order of this Court.

11. On or about February 21, 2024 and thereafter, the Debtor entered into a secured loan transaction with Pathward,[3] wherein Pathward and the Debtor entered into a Loan and Security Agreement, Promissory Note (Line of Credit) and related loan documents and amendments evidencing a line of credit to the Debtor in the maximum amount of $7,500,000.00 (the "Pathward Line of Credit"). Copies of the Promissory Note (Line of Credit) and the Amended and Restated Promissory Note (Line of Credit) are attached to this Motion as **Exhibit B**. Copies of the Loan and Security Agreement and various Amendments thereto are attached to this Motion as **Exhibit C**.

12. Pathward is asserting first position liens on all of the Debtor's assets to secure a claim in the amount of approximately $5,200,000.00 as of the Petition Date. Pathward, by its predecessor Crestmark, filed a UCC-1 financing statement on February 24, 2021, providing for and perfecting liens on "All assets of the Debtor whether now owned or hereafter acquired and wherever located." A copy of Pathward's recorded UCC-1 statement is attached to this Motion as **Exhibit D**.

13. The Debtor utilizes the Pathward Line of Credit to pay its operating expenses and creditors. It is likely that the Debtor's cash flow will be insufficient to meet its operating expenses

[3] The Debtor actually entered into this secured loan transaction with Crestmark, a division of MetaBank, N.A. Thereafter, on information and belief, Crestmark was acquired by Pathward.

and creditor obligations in a timely manner during this Chapter 11 case thereby necessitating the continued use of the Pathward Line of Credit. Under the Pathward Line of Credit, the Debtor makes draws based upon availability established under borrowing base certificates provided to Pathward. Advances are made at 85% of eligible accounts receivable and 50% of eligible finished goods inventory. The Debtor also has marketable securities with an approximate value of $3,800,000.00 that also serve as collateral to Pathward. The advance rate on these marketable securities is 80%.[4] Attached as **Exhibit E** to this Motion is a copy of a prior borrowing base certificate provided by the Debtor to Pathward which indicates the status of the Pathward Line of Credit and the values for certain of Pathward's collateral.

14. Pathward is willing to enter into post-petition financing with the Debtor which, among other things, includes the terms and conditions of the pre-petition Pathward Line of Credit.

**POST-PETITION FINANCING AND USE OF CASH COLLATERAL**

15. Pathward asserts liens and security interests against virtually all of the Debtor's assets to secure its underlying indebtedness due from the Debtor under the collective loan documents.

16. The secured financing and cash collateral issues in this Chapter 11 case relate to the Debtor's use of loan proceeds from the Pathward Line of Credit as well as its cash, cash equivalents, deposits and accounts receivable.[5] Other than Pathward, the Debtor has no other creditor with a secured interest in cash collateral.

---

[4] Pathward also has liens on all other assets of the Debtor but none of those other assets support any borrowing on the Pathward Line of Credit. The Debtor estimates that its equipment (which is collateral to Pathward) has a conservative estimated value in excess of $1,500,000.00.

[5] Under the lending relationship with Pathward, all of the Debtor's customers tender payment on accounts receivable directly to Pathward and then Pathward lends funds to the Debtor based upon the borrowing base certificates at the aforementioned advance rates.

17. In order for the Debtor to continue to operate its business in the ordinary course without disruption, it is essential that the Debtor be authorized to obtain secured financing and use cash collateral for, among other things, the following purposes:

A) Insurance;

B) Utilities;

C) Payroll and payroll related items;

D) Payments to post-petition vendors;

E) Real estate taxes, insurance and property maintenance for properties utilized by the Debtor in the operation of its business; and

F) Other miscellaneous items needed in the ordinary course of business.

Attached to this Motion as **Exhibit F** are projections relating to the Debtor's revenue and expenses during the initial weeks of this Chapter 11 case (the "Budget"). All projected disbursements are essential to maintaining the Debtor's business as a going concern. The Budget was prepared by DSI with information and input from Debtor's management.

18. Since the Debtor's cash flow is insufficient in any given week, the Debtor proposes to draw on the Line of Credit with Pathward to cover such insufficiencies in the same manner as occurred prior to the Petition Date pursuant to the terms and conditions of the pre-petition loan documents with Pathward. Further Budgets will be provided by the Debtor as needed and as this Chapter 11 case progresses.

19. Use of the proposed secured financing from the Pathward Line of Credit to pay the actual, necessary and ordinary expenses to maintain the Debtor's business will preserve the value of the Debtor's assets and business and thereby insure that the interests of creditors that have or may assert an interest in both cash collateral and the Debtor's other assets are adequately protected

within the meaning of Sections 361, 362, 363 and 364 of the Bankruptcy Code. Such borrowings will also preserve employment for approximately 90 employees.

20. With respect to the proposed secured financing from Pathward, the Debtor represents that, due to the immediacy of its needs, it is unable to obtain unsecured credit allowable under Section 503(b)(1) of the Bankruptcy Code or pursuant to Sections 364(a), (b) or (c)(1) of the Bankruptcy Code. Moreover, the Debtor believes that a continuation of the Pathward Line of Credit is the most expedient, efficient and economical financing available to the Debtor.

21. The Debtor proposes, subject to the approval of this Court, to obtain secured financing pursuant to the Pathward Line of Credit, as previously done prior to the Petition Date. The Debtor's proposal will permit the Debtor to sustain its business and reorganize its financial affairs through the implementation of a successful plan of reorganization. Furthermore, the Debtor's proposal will adequately protect the secured interests of Pathward.

22. Unless the Debtor is authorized to obtain secured financing from the Pathward Line of Credit and use cash collateral, as set forth in this Motion, the Debtor will be unable to continue to pay necessary business expenses, operate the business and manage its property, thereby eliminating any reasonable prospect for a successful reorganization. Without the proposed secured financing and the use collateral, the Debtor, its creditors and this estate will experience irreparable harm.

23. The Debtor proposes to obtain secured financing, use cash collateral and provide adequate protection to Pathward upon the following terms and conditions:

A) The Debtor will permit Pathward to inspect, upon reasonable notice, within reasonable hours, the Debtor's books and records;

B) The Debtor shall maintain and pay premiums for insurance to cover all of its assets from fire, theft and water damage;

C) The Debtor shall, upon reasonable request, make available to Pathward evidence of that which purportedly constitutes its collateral or proceeds;

D) The Debtor will properly maintain its assets in good repair and properly manage the business;

E) Pathward shall be granted valid, perfected, enforceable security interests in and to the Debtor's post-petition assets, including all proceeds and products which are now or hereafter become property of this estate to the extent and priority of its alleged pre-petition liens, to the extent of the validity thereof;

F) The Debtor is authorized to draw on the Pathward Line of Credit when necessary pursuant to the terms and conditions of the existing pre-petition Pathward loan documents; and

G) The Debtor shall make contract interest payments to Pathward as required by the pre-petition Pathward loan documents.

24. Based upon the Debtor's proposal for the secured financing from Pathward, none of the disclosures required under Rule 4001-2 of the Local Rules of this Court is necessary. To the extent this fact changes, the Debtor will amend these disclosures.

25. Further Budgets, when necessary, will be submitted to this Court pursuant to this Motion. The Debtor will make the expenditures set forth in Exhibit F to this Motion plus no more than 10% of the total proposed expense payments, unless otherwise agreed by Pathward or upon further Order of this Court. Furthermore, any expenses that are budgeted for payment in one month but are not paid in such month shall be carried over for payment in subsequent months.

26. The Debtor has provided 7 days notice by ECF, email and regular mail to the United States Trustee, Pathward, Pathward's Counsel and the Debtor's 20 largest unsecured creditors. The Debtor requests that this Court determine that this notice is sufficient under the circumstances of this Chapter 11 case for purposes of conducting a preliminary hearing on the Motion. The Debtor will provide such other and further notice as may be required for purposes of a final hearing on the Motion.

## CONCLUSION

27. The Debtor requests, pursuant to Rules 4001(b)(2) and 4001(c)(2) of the Federal Rules of Bankruptcy Procedure, that this Court conduct a preliminary hearing to authorize the Debtor's interim proposed secured financing and use of cash collateral pending a final hearing on this Motion.

28. The Debtor believes that it is in the best interests of the Debtor, its creditors and this estate to authorize it to obtain post-petition financing and use its cash and cash equivalents as herein requested to pay its business expenses as set forth in the Budget thereby avoiding immediate and irreparable harm and loss to the Debtor, creditors and this estate.

29. For the reasons set forth herein, this Court should grant the relief requested in this Motion.

WHEREFORE Primrose Candy Co., Debtor/Debtor-in-Possession, requests the entry of an Order as follows:

A) Authorizing the Debtor to draw on the Pathward Line of Credit as needed pursuant to the terms and conditions of the existing pre-petition loan documents;

B) Authorizing the Debtor to use cash collateral in which Pathward asserts liens, upon the terms and conditions set forth in this Motion, until further Order of this Court;

C) Preliminarily authorizing the Debtor to obtain secured financing and use cash collateral pending a final hearing on this Motion;

D) Setting a final hearing on this Motion, and

E) Granting such other relief as this Court deems just and appropriate.

Respectfully submitted,

Primrose Candy Co.,
*Debtor/Debtor-in-Possession*

By: */s/David K. Welch*
One of Its Attorneys

**DEBTOR'S COUNSEL**:
David K. Welch, Esq. (Atty. No. 06183621)
dwelch@burkelaw.com
Brian P. Welch, Esq. (Atty. No. 6307292)
bwelch@burkelaw.com
Burke, Warren, MacKay & Serritella, P.C.
330 N. Wabash Ave., Suite 2100
Chicago, Illinois 60611
Tel: (312) 840-7000 - - Fax: (312) 840-7900